**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**ROBERT B. FRIER,**

        **Petitioner,**

v.                                   **Case No. 06-C-1081**

**STEVE WATTERS,
Director of the Sand Ridge Secure
Detention Center,**

        **Respondent.**

## DECISION AND ORDER

On December 6, 2006, this Court issued a detailed order directing that by January 5, 2007, the *pro se* petitioner Robert B. Frier ("Frier"), file an amended petition pursuant to 28 U.S.C. § 2254 on the form provided by the Court. The December 2006 order was a sequel to an October 20, 2006, order directing that Frier use the Court's form petition rather than his original self-drafted petition. In response to the October order, Frier filed a petition on the Court's form, but it had insufficient information. That problem prompted the December 2006 order.

Between December 6, 2006, and today's date, the only document filed by Frier was an annotated version of a December 26, 2006, letter from the Clerk of Court, which as relevant to the issue before the Court, states: "Dear Clerk: The petition for habeas corpus received by your office was mailed pursuant to the order issued by Judge Randa on 12/6/06." The letter was filed on January 3, 2007. But, no amended form petition was filed.

The Court's December 6, 2006, order advised Frier that if he failed to complete and file his amended petition on the proper form, this action would be dismissed without prejudice for failure to prosecute. *See* Civil L. R. 41.3 (E.D. Wis.). Dismissals for want of prosecution should be limited to "extreme situations," *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003); *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998), and district courts are required to evaluate several factors before taking that drastic step, *see Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993)). As pertinent here, the court is to consider: (1) the frequency and magnitude of previous noncompliance with court deadlines; (2) the effect of past inaction on the court's calendar and time; (3) the prejudice to the other party, if any; and (4) the probable merit of the dismissed action. *Id.* (citing *Ball*, 2 F.3d at 759-60).

In response to the Court's initial order, Frier, who is being held in civil commitment at Sand Ridge Correctional Center in Mauston, Wisconsin, pursuant Chapter 980 of the Wisconsin Statutes, filed a form petition. But, the petition states that he is not challenging a judgment of conviction, he does not have any sentence, there is no guilt involved in this case, and he was denied any type of hearing. Frier also states that he did not appeal or file any state post-conviction petitions or motions because there was no conviction involved in this case, and that he is challenging his civil commitment and he does not understand why the Court mailed him a form asking about a criminal conviction.

In its December 6, 2006, order the Court explained that Chapter 980 of the Wisconsin Statutes creates an involuntary civil commitment procedure that is intended

primarily to provide treatment for sexually violent persons and to protect the public. *State v. Byers*, 2003 WI 86, ¶ 14, 263 Wis.2d 113, 665 N.W.2d 729 (Wis. 2003). Those subject to state court civil commitment judgments may seek habeas corpus relief pursuant to 28 U.S.C. § 2254. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001). The local rules of the Eastern District of Wisconsin **require** that § 2254 petitions use the form provided by the court. The form also requests necessary information about prior state and federal court proceedings which was not disclosed in Frier's original petition.

The Court further explained that the District's form is not a perfect "fit" because it inquires about convictions and post-convictions proceedings and that in Frier's situation, the relevant proceedings are the Chapter 980 commitment order and post-commitment or commitment review proceedings. Under the circumstances, the Court gave Frier an opportunity to amend his petition. It explained that in amending his petition, Frier could insert the word "commitment" or " post-commitment" and cross out the word "conviction" where appropriate. The Court further explained that, for example, in part I.A., I.B., IC, and I.D. of the form, Frier should indicate the name and location of the state court that entered the civil commitment order, the civil commitment case number, the date of the civil commitment judgment, and the date of any civil commitment court proceeding. In part II. of the form, Frier should indicate whether he appealed the commitment order, and, if so, provide additional information regarding that appeal. In part III of the form, Frier should indicate whether he sought **any** other state post-commitment relief – either as to his original commitment or any other subsequent review of his commitment.

The Court also stated that by his amended petition, Frier should disclose whether he has presented the issue(s) he now raises to the Wisconsin state courts and if he has exhausted those issues. Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982). The Court stated that Frier should include **all** relevant information on his amended petition because the amended petition takes the place of any prior petitions and enclosed a copy of the Court's form.

Frier complied only, in part, with the Court's October order directing him to use the form petition. He did not submit an amended petition as directed by the Court's December order. The Court made a considerable effort to explain how Frier could modify and respond to the Court's form petition. Frier is responsible for the filings in this case. Apparently, Frier does not want to continue with this action by filing an amended petition as directed. Frier's inaction suggests that, in its present procedural posture, Frier's petition may not have much merit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Frier's action pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to prosecute.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of January, 2007.

            **BY THE COURT**

            s/ Rudolph T. Randa
            **Hon. Rudolph T. Randa**
            **Chief Judge**